UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ANNMARIE FRANK, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

vs.

FIRST STEP GROUP, LLC, and CACH, LLC

        Defendants.

Case No.: 14-cv-1425

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Annmarie Frank ("Plaintiff") is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff, debts allegedly incurred for personal, family or household purposes.

5. Defendant First Step Group, LLC ("First Step") is a debt collection agency with its principal offices at 4900 Viking Drive, Edina, Minnesota 55435.

6. First Step is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. First Step is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. First Step is a debt collector as defined in 15 U.S.C. § 1692a.

8. Defendant CACH, LLC ("CACH") is a foreign limited liability company with its principal place of business located at 1675 Broadway, Suite 1200, Denver, CO 80202.

9. CACH is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time CACH acquires them.

10. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

11. CACH uses third party debt collectors and attorneys, including Lowery, to collect allegedly defaulted debts that have been assigned to LVNV.

12. A company meeting the definition of a "debt collector" under the FDCPA (here, CACH) is vicariously liable for the actions of a second company collecting debts on its behalf. *Pollice*, 225 F.3d at 404-05 (holding that cases holding assignee vicariously liable for its attorneys' FDCPA violations applies equally to non-attorney debt collectors); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006) (following *Pollice*, disagreeing with *Scally*); *contra Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036, 1039 (N.D. Ill. 2005).

13. CACH, directly or indirectly, is a debt collector under the above arrangement and is jointly responsible for First Step's actions. 15 U.S.C. § 1692a(6).

## FACTS

14. On or about July 2, 2014, First Step mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

15. Upon information and belief, the alleged debt referred to in <u>Exhibit A</u> was alleged personal, "CareCredit" branded credit card account, originally with GE Capital Retail Bank, N.A. (GE Capital) and only used for personal, family or household purposes.

16. Upon information and belief, <u>Exhibit A</u> was the first letter that First Step sent to Plaintiff regarding the alleged debt referenced in the letter.

17. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

18. <u>Exhibit A</u> identifies the creditor as "CACH, LLC."

19. CACH, LLC acquired the account identified in <u>Exhibit A</u> after it was in default.

20. <u>Exhibit A</u> tells the consumer that the "Original Creditor" is "SYNCHRONY LENDING, INC."

21. On or about October 9, 2014, First Step mailed a debt collection letter to Plaintiff regarding the same alleged CareCredit debt as referenced in <u>Exhibit A</u>. A copy of this letter is attached to this complaint as <u>Exhibit B</u>.

22. Upon information and belief, <u>Exhibit B</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

23. <u>Exhibit B</u> tells the consumer that the "Original Creditor" is "SYNCHRONY BANK."

24. The unsophisticated consumer would be confused by <u>Exhibits A and B</u>.

3

25. Upon information and belief, GE Capital, the issuer of Plaintiff's CareCredit account, changed its name to Synchrony Bank on or around July 2, 2014.

26. No notice of the name change was sent to Plaintiff.

27. Upon information and belief, no entity named "Synchrony Lending Inc." ever issued, held or serviced Plaintiff's CareCredit account or contacted Plaintiff using that name.

28. First Step's misrepresentations are material false statements.

29. Plaintiff never had any dealings with any entity named Synchrony Bank and had no idea what account(s) Exhibit A and B were attempting to collect.

30. The unsophisticated consumer would have no idea what account(s) Exhibit A and B were attempting to collect.

31. The unsophisticated consumer would not understand whether Exhibits A and B were collecting the same or different accounts.

32. The unsophisticated consumer would not understand why the name of the "original creditor" was different between Exhibits A and B, or what the significance of the different names was, if any.

33. While Exhibits A and B represent that the current creditor is CACH, LLC, a debt collector cannot make confusing representations about the identity of the original creditor in a collection letter.

34. 15 U.S.C. § 1692e states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. 15 U.S.C. § 1692e(2)(a) specifically prohibits "the false representation of—the character, amount, or legal status of any debt."

36. Defendants' letters identify the original creditor in a way that would confuse the unsophisticated consumer, who had no dealings with "Synchrony."

37.  Moreover, "SYNCHRONY LENDING, INC." is not, and was never, the name of any creditor of Plaintiff's account.

38.  "SYNCHRONY LENDING, INC." is not a business or trade name that any creditor has used from the inception of any business transaction with Plaintiff or any member of the class.

39.  Defendants could have avoided confusion by simply and in a non-confusing manner, stating that Synchrony Bank is the new name for GE Capital Retail Bank.

40.  First Step's misrepresentation is also a "false representation or deceptive means to collect or attempt to collect any debt," in violation of 15 U.S.C. § 1692e(10).

## COUNT I – FDCPA

41.  Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

42.  Exhibit A identifies the original creditor as "SYNCHRONY LENDING, INC."

43.  "SYNCHRONY LENDING, INC." is not the name of any past or present creditor.

44.  Exhibit B identifies the original creditor as "SYNCHRONY BANK."

45.  The language in First Step's letters is false, misleading and confusing to the unsophisticated consumer, in that one of the letters (Exhibit A) incorrectly states the name of the original creditor, the other uses a name that was never used during the pendency of the Plaintiff's credit relationship, and both together are confusing as to the identity of the original creditor.

46.  The Defendants have therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(10). Plaintiff does not bring any claim under 15 U.S.C. § 1692g.

5

## CLASS ALLEGATIONS

47. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) to whom First Step Group, LLC sent a collection letter seeking to collect a debt allegedly owed to CACH, LLC (c) which letter stated that the original creditor is "SYNCHRONY LENDING, INC." or "SYNCHRONY BANK", (d) seeking to collect a debt for personal, family or household purposes, (e) between the dates of July 2, 2014, and September 30, 2014 (f) that was not returned by the postal service.

48. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

49. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with 15 U.S.C. § 1692e.

50. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

51. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

52. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

53. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

6

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: November 12, 2014

                      **ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com